**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAWAN EDWARDS, | ) | Case No. 2:20-cv-01410 |
| Plaintiff, | ) | Judge Edmund A. Sargus |
| vs. | ) | |
| | ) | Magistrate Judge Kimberly A. Jolson |
| MILLER'S DREAM DECKS, LLC et al., | ) | |
| | ) | **JOINT MOTION FOR APPROVAL OF** |
| Defendants. | ) | **SETTLEMENT AND STIPULATION** |
| | ) | **OF DISMISSAL WITH PREJUDICE** |

Plaintiff Jawan Edwards ("**Plaintiff**"), and Defendants, Miller's Dream Decks, LLC and John Miller (collectively, "**Defendants**"), respectfully move this Court to approve the Fair Labor Standards Act ("**FLSA**") settlement reached by the parties and memorialized in the Joint Stipulation of Settlement and Release ("**Settlement**") attached hereto as **Exhibit A**. The Settlement was reached by experienced counsel during arms-length, good faith negotiations. Attached hereto as **Exhibit B** is a proposed Order of Dismissal and Approving Settlement.

## I.     FACTUAL AND PROCEDURAL BACKGROUND.

### A.     The Action and Settlement.

Plaintiff filed this action against Defendants on March 18, 2020. Plaintiff alleged that Defendants failed to pay him one and one-half times his regular rate of pay for time worked in excess of 40 hours in a workweek. (Doc. No. 1.) Defendants filed their Answer to the Complaint and asserted various affirmative defenses. (Doc. No. 7.)

The parties thereafter worked towards reaching an early resolution of this case. To that end, Defendants produced payroll and time card data necessary for a calculation of alleged damages for the Plaintiff. Defendants shared their calculation of alleged damages with Plaintiff.

1

Plaintiff reviewed Defendants' calculation of alleged damages.  The parties have reached an agreement to settle this case for a total of $19,500.00.

### B.    The Settlement Terms.

If approved by the Court, the total settlement amount is $19,500.00, which sum will cover: (a) Plaintiff's alleged unpaid overtime wages and liquidated damages; and (b) Plaintiff's counsel's attorneys' fees and expenses.

Of the total settlement amount, $11,000.00 will be paid to Plaintiff.  Plaintiff's payment is based on his alleged underpaid overtime during the two-year period of March 18, 2018, to March 18, 2020.  Plaintiff's payment includes an estimated 100% of his alleged underpaid overtime during that period resulting from Defendants' alleged failure to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours in a workweek.  In addition, Plaintiff's payment includes an estimated 100% of alleged underpaid overtime during that same period for liquidated damages.  Thus, Plaintiff will receive an estimated 200% of his alleged underpaid overtime during a two year period.

Of the total settlement amount, $8,500.00 will be paid to Plaintiff's counsel for attorneys' fees and expenses incurred in the action.

In exchange for these payments and other consideration provided for in the Settlement, the action will be dismissed, and the Plaintiff will release Defendants from all individual, class, and/or collective federal and state wage-and-hour claims, whether known or unknown, that were or could have been brought under FLSA and 4111 et seq., and/or other Federal, State, and local law whether the claims are bought or could have been brought in Court or through arbitration pursuant to a collective bargaining agreement, that were asserted in the action or that relate to, or arise from, the Defendants' alleged failure to pay Plaintiff overtime compensation for all hours worked in excess

of 40 in a workweek, including but not limited to claims for unpaid wages, unpaid overtime compensation, compensatory damages, liquidated damages, punitive damages, or any other item of damages, interest, attorneys' fees, and expenses and agree that any payments approved by the Court will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with his representation in this action.

## II. THE PROPRIETY OF APPROVAL.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As explained below, Court approval is warranted.

### A. The Seven-Factor Standard Is Satisfied.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

3

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3.  As shown below, this standard supports approval of the settlement.

### 1.  No Indicia of Fraud or Collusion Exists.

The parties' counsel each have experience litigating FLSA claims.  The settlement was achieved only after arms-length and good faith negotiations between the parties.  As such, there is no indicia of fraud or collusion.

### 2.  The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval.

The policy favoring the settlement of complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming.  The parties continue to disagree about whether this FLSA claim, if established, would be subject to the two-year statute of limitations for unpaid compensation or whether the three-year limitations period would apply for willful violations under 29 U.S.C. § 255(a).  Moreover, the parties continue to disagree about whether the Defendants would be entitled to an offset of any alleged damages for bonus payments Defendants made to Plaintiff.  In addition, they disagree about whether Defendants acted in good faith.

If forced to litigate this case further, the parties would engage in complex, costly, litigation. The settlement, on the other hand, provides substantial relief to Plaintiff promptly and efficiently.

### 3.  Investigation Was Sufficient to Allow the Parties to Act Intelligently.

The parties engaged in substantial investigation prior to negotiating the settlement. The parties reviewed relevant documents and researched the applicable law and potential defenses. The parties also engaged in an informal exchange of limited discovery. Both parties performed an intensive review of payroll information for the Plaintiff that was produced by Defendants.

### 4. The Risks of Litigation Favor Approval.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendants raised affirmative defenses to Plaintiff's claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all.

### 5. Uncertainty of Recovery Supports Approval.

Plaintiff's range of possible recovery is also open to dispute. Even if Plaintiff succeeded on the merits of his claims, the amount of recovery is uncertain and something upon which the parties continue to disagree.

### 6. Experienced Counsels' Views Favor Approval.

The parties' counsel are experienced in wage-and-hour actions, have acted in good faith, and have represented their clients' best interests in reaching the settlement. Counsel support the settlement as fair and reasonable, and in the best interest of the parties.

### B. The Settlement is Fair, Reasonable and Adequate.

All components of the proposed settlement are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for the Plaintiff. Of the total settlement amount, $11,000.00 will be paid to Plaintiff. Plaintiff's payment is based on his alleged underpaid overtime during the two-year period of March 18, 2018, to March 18, 2020. Plaintiff's payment includes

an estimated 100% of his alleged underpaid overtime during that period resulting from Defendants' alleged failure to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours in a workweek.  In addition, Plaintiff's payment includes an estimated 100% of alleged underpaid overtime during that same period for liquidated damages.  Thus, Plaintiff will receive an estimated 200% of his alleged underpaid overtime during a two year period.

The attorneys' fees and expenses to Plaintiff's counsel are also proper and reasonable. After the Court has confirmed that the terms of settlement are fair to Plaintiff, it may review the parties' settlement as to the provision of fees and costs to Plaintiff's counsel.  The settlement reflects Defendants agreement to pay Plaintiff's counsel $8,500.00 in attorneys' fees and costs.

The attorneys' fees requested by Plaintiff's counsel should not be altered because counsel efficiently resolved this case early on rather than prolonging the litigation and increasing their potential fees.  Had this case not settled, Plaintiff's counsel would have vigorously litigated the case without any promise of success and compensation.  At every step of the litigation, Defendants could have succeeded.  Therefore, Plaintiff was at great risk for non-payment.  This risk of non-payment supports the amount requested here and warrants approval.

## III.    CONCLUSION.

The parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action.   Accordingly, the parties request that this Court: (1) enter the proposed Order of Dismissal and Approving Settlement; (2) approve Plaintiff's counsel's request for attorneys' fees, costs, and expenses; and (3) retain jurisdiction to enforce the settlement.

Respectfully submitted,

CRITCHFIELD, CRITCHFIELD &
JOHNSTON, LTD.

By: */s/ Adam B. Landon*
Kim M Rose (S. Ct. #0001052)
Adam B. Landon (S. Ct. #0073949)
Kimberly L. Hall (S. Ct. # 0090677)
10 South Gay Street, Post Office Box 469
Mount Vernon, Ohio 43050
Telephone: (740) 397-4040
Facsimile: (740) 397-6775
Email:  rose@ccj.com; landon@ccj.com;
khall@ccj.com
*Attorneys for Defendants*

BENDAU & BENDAU PLLC

By: */s/ Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com

THE LAW OFFICES OF SIMON &
SIMON

By: */s/ James L. Simon*
James L. Simon (OH No. 0089483)

6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2020, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Adam B. Landon*
Adam B. Landon
*Attorney for Defendants*